CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
9/29/2022
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| DONGGUAN JIANQUN COMPANY, LTD., *Plaintiff*, | CASE NO. 6:21-cv-00048 |
| v. | MEMORANDUM OPINION |
| CONSOLIDATED SHOE COMPANY, INC., *et al.*, *Defendants*. | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants' Motion to Dismiss, which Defendants filed pursuant to Federal Rule of Civil Procedure 12(b)(1) on November 9, 2021. Dkt. 6. The matter concerns a breach of contract claim for a contract entered into by parties located in different countries. The relevant countries are signatories of the United Nations Convention on Contracts for the International Sale of Goods. For the following reasons, this motion is hereby denied.

### I.   Background

The following facts are alleged in Plaintiff's Complaint and assumed true for purposes of resolving this motion. *See King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016) (reiterating the appropriate standard of review). Between September 2020 and May 2021, Plaintiff and Defendants "entered into a series of contracts for the manufacture and delivery of women's shoes." Dkt. 1 ("Compl.") ¶ 1. Plaintiff Dongguan Jianqun Shoes Company, Ltd., is a foreign business entity formed under the laws of the People's Republic of China. *Id.* ¶ 6. Plaintiff's principal place of business is in Guangdong Province in China. *Id.* Plaintiff "is a business entity

that manufactures and supplies shoes for retail sale in numerous countries including the United States of America." *Id.* ¶ 7.

Defendant Consolidated Shoe Company, Inc., a domestic corporation, is incorporated and registered to conduct business in Virginia and has its principal place of business in Lynchburg, Virginia. *Id.* ¶ 7. Its registered agent is located in Lynchburg. *Id.* ¶ 10. Defendant Consolidated Shoe Company, Inc. uses a variety of names when doing business, "including Consolidated Shoe Company, Ltd., Hong Kong, Trade Winds Importing Company, Trade Winds Importing, LLC and New Century Footwear Products, Co., Limited." *Id.* ¶ 11. Plaintiff avers that "Consolidated Shoe Company, Inc., Consolidated Shoe Company, Ltd., Hong Kong, Trade Winds Imports, LLC., and New Century Footwear Products, Co., Limited, are the same company, each being the alter ego of the other or are affiliated businesses with all business decisions being coordinated and controlled by Consolidated Shoe Company, Inc." *Id.* ¶ 23.

"Defendant Consolidated Shoe Company, Ltd., Hong Kong[] is a foreign business entity formed under the laws of the People's Republic of China," with its principal place of business in Hong Kong. *Id.* ¶ 12. It is a subsidiary of Consolidated Shoe Company, Inc., and the United States Head Office located in Lynchburg, Virginia controls all its activities. *Id.* ¶ 13.

Defendant Trade Winds Importing, LLC "is a domestic limited liability company registered to conduct business in the Commonwealth of Virginia," and its principal place of business is in Lynchburg, Virginia. *Id.* ¶ 16. Its registered agent is located in Lynchburg, Virginia. *Id.* ¶ 17. Defendant Trade Winds Importing, LLC "does business under a variety of names, including Consolidated Shoe Company, Inc., Consolidated Shoe Company, Ltd., Hong Kong, Trade Winds Importing Company and New Century Footwear Products, Co., Limited." *Id.* ¶ 18.

Defendant New Century Footwear Products, Co., Limited ("NCFL") "is a foreign

business entity formed under the laws of the People's Republic of China," and it has its principal place of business in China's Guangdong Province. *Id.* ¶ 19. It is a subsidiary of Consolidated Shoe Company, Inc., and "all of [its] activities are solely controlled by the United States Head Office located . . . [in] Lynchburg, [Virginia]." *Id.* ¶ 20. It "does business under a variety of names, including Consolidated Shoe Company, Inc., Consolidated Shoe Company, Ltd., Hong Kong, Trade Winds Importing Company, and Trade Winds Importing Company." *Id.* ¶ 21.

Plaintiff accepted seventy-six separate purchase orders submitted by Defendants between September of 2020 and May of 2021. *Id.* ¶ 32. However, Plaintiff alleges that "Defendants have failed to pay Plaintiff for goods and services performed on seventy-six (76) purchase orders." *Id.* ¶ 37. Plaintiff further alleges that each purchase order it performed in September, October, November, and December 2020, as well as January, February, March, April, and May 2021, "identifies Trade Winds Importing, LLC . . . as the original source of the purchase order." *Id.* ¶¶ 40, 42, 44, 46, 48, 50, 52.

## II. Legal Standard

When a party attacks the subject matter jurisdiction of the court under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court generally must first determine that it has jurisdiction as a threshold matter. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431–32 (2007) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998)). A plaintiff "has the burden of proving that subject matter jurisdiction exists." *Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Where, as here, a defendant challenges the sufficiency of a plaintiff's allegations to establish subject matter

jurisdiction, the court must accept the truth of the plaintiff's allegations at this stage, but still, it is the plaintiff's burden to establish that the allegations are sufficient to support subject matter jurisdiction. *See, e.g.*, *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647 (internal citation omitted). The moving party's motion to dismiss should be granted when "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id*. (internal citation omitted).

### III.   Analysis

#### A.   Diversity Jurisdiction

"Pursuant to 28 U.S.C. § 1332(a), [a federal c]ourt has original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states." *Smith v. Church of Jesus Christ of Latter-Day Saints*, 431 F. Supp. 3d 733, 736 (E.D. Va. 2020) (citing 28 U.S.C. § 1332(a)). For a case to have federal diversity jurisdiction under 28 U.S.C. § 1332, there must be "complete diversity among the parties, meaning the citizenship of each plaintiff must be different from the citizenship of each defendant." *Id.* (quoting *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 170 (4th Cir. 2014)). For corporate entities, under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Navy Fed. Credit Union v. Ltd. Fin. Servs., LP*, 972 F.3d 344, 353 (4th Cir. 2020) (quoting 28 U.S.C. § 1332(c)(1)).

Plaintiff Dongguan Jianqun Shoes Company, Ltd., is a foreign business entity formed under the laws of the People's Republic of China. Compl. ¶ 6. Plaintiff's principal place of business is in Guangdong Province in China. *Id.* Thus, based on its incorporation and principal place of business, Plaintiff is a citizen of the People's Republic of China.

Defendant NCFL "is a foreign business entity formed under the laws of the People's Republic of China," and has its principal place of business in China's Guangdong Province." *Id.* ¶ 19. Thus, although it is a subsidiary of Consolidated Shoe Company, Inc., and "all of [its] activities are solely controlled by the United States Head Office located . . . [in] Lynchburg, [Virginia]," *id.* ¶ 20, Defendant NCFL is a citizen of the People's Republic of China, based on its incorporation and principal place of business.

Defendant NCFL's alleged status as an alter ego of every other Defendant, *id.* ¶ 23, does not allow Defendant NCFL to claim another Defendant's citizenship status. Courts within this Circuit have recognized that "the alter ego doctrine may not be used to create diversity jurisdiction by ignoring the principal place of business of a subsidiary corporation and imputing to it the principal place of business of the parent." *Maday v. Toll Bros. Inc.*, 72 F. Supp. 2d 599, 607 n.33 (E.D. Va. 1999) (quoting *J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 414 (5th Cir. 1987)); *see also Mancor Indus., Inc. v. Tri-Cities Power Auth.*, No. 5:08-cv-00278, 2008 WL 5068582, at *3 (S.D. W. Va. Nov. 24, 2008). And "[f]or purposes of diversity jurisdiction, the alter ego doctrine cannot be used to create subject matter jurisdiction by imputing one entity's principal place of business to another entity." *Maday*, 72 F. Supp. at 607 n.33 (quoting *Needham v. Wedtech (USA), Inc.*, 918 F. Supp. 353, 358 (N.D. Okla. 1996)).

Since Plaintiff shares citizenship with a Defendant, the case lacks complete diversity. Therefore, there is no diversity jurisdiction, as the case does not meet 28 U.S.C. § 1332's requirements for conferring diversity jurisdiction.

### B. Federal Question Jurisdiction

Under 28 U.S.C. § 1331, "[d]istrict courts have 'original jurisdiction of all civil actions arising under the Constitution, laws or *treaties* of the United States," *North Carolina ex rel. Stein v. Eonsmoke LLC*, 423 F. Supp. 3d 162, 167 (M.D.N.C. 2019) (quoting 28 U.S.C. § 1331) (emphasis added). Civil actions typically arise in such a manner "when federal law creates the cause of action." *Vlaming v. West Point Sch. Bd.*, 480 F. Supp. 3d 711, 717 (E.D. Va. 2020) (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). "[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." *Burgess v. Charlottesville Sav. and Loan Assoc.*, 477 F.2d 40, 43 (4th Cir. 1973). As such, "the mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit." *Malone v. Gardner*, 62 F.2d 15, 18 (4th Cir. 1932).

Plaintiff asserts federal question jurisdiction on the basis that the United Nations Convention on Contracts for the International Sale of Goods ("CISG") governs the contracts alleged to have been breached by Defendants. Compl. ¶ 61. Plaintiff asserts that "[t]he United States of America and the People's Republic of China are both signatories of the [CISG], thereby making any business entities or citizens of either country subject to the terms set forth in the [CISG]." Compl. ¶ 62. Courts within this Circuit have previously recognized that it is not enough for a party to assert that a case arises under this treaty, and instead the party must provide sufficient

factual support for its assertion of federal question jurisdiction. *Reaves v. Boyd*, No. 4:16-cv-328, 2016 WL 1554381, at *4 (D.S.C. Mar. 23, 2016).

The CISG "applies to contracts of sale of goods between parties whose place of business are in different States: (1) when the States are Contracting States; or (b) when the rules of private international law led to the application of the law of a Contracting State." *MVP Enters. LLC v. Maratek Environ. Inc.*, No. 5:21-cv-00138, 2022 WL 3337733, at *2 (W.D.N.C. June 3, 2022). Further, "[w]hen two nations are signatories to the CISG, the treaty governs contracts for the sale of goods between parties whose place of business are in those two nations, unless the contract contains a choice of law clause." *Schmitz-Werke Gmbh + Co. v. Rockland Indus., Inc.*, 37 F. App'x 687, 691 (4th Cir. 2002) (citing 15 U.S.C. App., Art. 1(1)(a); *Delchi Carrier SpA v. Rotorex Corp.*, 71 F.3d 1024, 1027–28 (2d Cir. 1995)). The Fourth Circuit has recognized that "[c]ourts interpreting the CISG should look to the language of the CISG and to the general principles on which the Convention is based." *Id.* (citing *Delchi Carrier SpA*, 71 F.3d at 1027). It has also noted that the CISG's interpretation should "be informed by its international character and . . . the need to promote uniformity in its application and the observance of good faith in international trade." *Id.* (quoting CISG, 15 U.S.C. App., Art. 7(1)).

Article 4 of the CISG makes clear that the CISG

> governs *only* the formation of the contract of sale and the rights and obligations *of the seller and the buyer* arising from such a contract. In particular, except as otherwise expressly provided in this Convention, it is not concerned with: (a) the validity of the contract or of any of its provisions or of any usage; (b) the effect which the contract may have on the property in the goods sold.

15 U.S.C.A. app., Art. 4. Thus, "[t]he plain text of the CISG limits its application to claims between buyers and sellers." *Caterpillar, Inc. v. Usinor Industeel*, 393 F. Supp. 2d 659, 674 (N.D. Ill. 2005). And it follows that determining whether the CISG confers jurisdiction is limited

to the contract between buyer and seller. *Id.*

Courts have recognized that the CISG applies to a contract when "the parties were located in signatory countries, and the contract did not explicitly opt out of CISG coverage." 200 A.L.R. Fed. 541, 541 (citing *BP Oil Intern., Ltd. V. Empresea Estatal Petoleos de Ecuador*, 332 F.3d 333 (5th Cir. 2003)); *see also, e.g.*, *Delchi Carrier SpA*, 71 F.3d 1024; *Viva Vino Import Corp. v. Farnese Vini S.r.l.*, No. CIV.A. 99-6384, 2000 WL 1224903 (E.D. Pa. Aug. 29, 2000); *Ajax Tool Works, Inc. v. Can-Eng Mfg. Ltd.*, No. 01 C 5938, 2003 WL 223187 (N.D. Ill. Jan. 30, 2003); *Supermicro Computer, Inc. v. Digitechnic, S.A.*, 145 F. Supp. 2d 1147 (N.D. Cal. 2001).

In the case before the Court, Plaintiff alleges that the CISG governs its breach of contract claim, a claim that involves an alleged contract based in seventy-six separate purchase orders submitted by Defendants and accepted by Plaintiffs. Compl. ¶ 55. Plaintiff's Complaint alleges that each purchase order "identifies Trade Winds Importing, LLC . . . as the original source of the purchase order." *Id.* ¶¶ 40, 42, 44, 46, 48, 50, 52. Defendant Trade Winds Importing, LLC "is a domestic limited liability company registered to conduct business in the Commonwealth of Virginia," and its principal place of business is in Lynchburg, Virginia. *Id.* ¶ 16. Its registered agent is located in Lynchburg, Virginia. *Id.* ¶ 17. Thus, it appears that Defendant Trade Winds Importing, LLC is a party to the contract located in a signatory country, the United States,[1] 52 Fed. Reg. 6262-02, 6262, 1987 WL 128849, and there is no allegation that the contract explicitly

---

[1] An LLC "'organized under the laws of a state is not a corporation' and therefore, its citizenship, for diversity purposes, is identical to that of all of its members." *Nahigian v. Juno-Loudoun, LLC*, 661 F. Supp. 2d 563, 567 (E.D. Va. 2009) (quoting *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004). There are no allegations regarding Trade Winds Importing, LLC's members' citizenship. However, for purposes of the CISG, it appears that parties to a contract do not need diversity jurisdiction—instead, they just must be located in the signatory countries. Thus, allegations related to members' citizenship are not needed for federal question jurisdiction.

opted out of CISG coverage. *See, e.g.*, *Viva Vino Import Corp.*, 2000 WL 1224903, at *1 ("When two foreign nations are signatories to the CISG, that Treaty governs contracts for the sale of goods between parties whose places of business are in such nations unless the contract contains a choice of law provision to the contrary.") (internal references omitted). Plaintiff's principal place of business is the People's Republic of China, another signatory of the CISG. Compl. ¶ 6; 52 Fed. Reg. at 6262.

Defendants argue that "[a]lthough Tradewinds [sic] is referenced in the orders, it is believed that these orders were sent to the Defendant [NCFL] by Trade Winds and NCFL contracted with the plaintiff to fulfill the orders." Dkt. 19 at 2. Defendants assert that "a close examination reflects that only the defendant [NCFL] was obligated or described on or in the Commitments," and that would make both parties to the contract—Defendant NCFL and Plaintiff—citizens of the same nation. Dkt. 7 at 2. The Defendants further contend that "[t]he gravamen of the CISG is to provide a mechanism and procedure to govern contracts for goods between nations that are signatories to the treaty, not to govern contracts between citizens of the same state or nation," so if the parties to the allegedly breached commitments are citizens of the same nation, the CISG treaty does not apply. *Id.*

However, the orders indicate offer and acceptance between Defendant Trade Winds Importing LLC and Plaintiff, supporting that two parties—whose principal places of business are in different nations, both of which are signatories to the CISG—are parties to the alleged contract. And thus, the orders indicate that the Treaty governs contracts for the sale of goods between these parties. The orders are incorporated by reference into the Complaint. *E.g.*, *Edwards v. Schwartz*, 378 F. Supp. 3d 468, 500–01 (W.D. Va. 2019). Courts can sometimes "consider documents beyond the complaint without converting the motion to dismiss to one for

summary judgment." *Id.* (citing *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015)). For example, "a court may 'consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity.'" *Id.* (quoting *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citations omitted)). An "integral" document is one "that by its very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Id.* (quoting *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (internal citations and quotation marks omitted)). Defendants made no objection to the authenticity of the document, and, by indicating offer and acceptance, its existence gives rise to the legal rights asserted.

While the Complaint also included NCFL Commitments related to purchase orders at issue, Dkts. 1-1, 1-2, 1-3, 1-4, 1-5, & 1-6, this does not automatically mean that Defendant Trade Winds Importing LLC and Plaintiff are not parties to the contract. As such, it appears that, based on the facts alleged in the Complaint, the CSIG governs, and there is thus federal question jurisdiction as to Defendant Trade Winds Importing, LLC and Plaintiff.

## V. Conclusion

For the foregoing reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction will be denied in an accompanying Order. Based on the facts alleged in the Complaint, there is federal question jurisdiction over the case.

\* \* \* \*

The Clerk of the Court is hereby directed to send this Memorandum Opinion to all counsel of record.

Entered this  29th  day of September, 2022.

*[signature: Norman K. Moon]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE